IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | SA-19-CR-00609-OLG |
| vs. | | |
| (1) LEONARDO TERRAZAS, | | |
| *Defendant.* | | |

# **ORDER**

Before the Court in the above-styled cause of action is Defendant's Motion to Suppress Evidence [#64], which was referred to the undersigned for a report and recommendation. The Court held a live evidentiary hearing on March 21, 2022.

During the hearing, the Government conceded that the officers executing the arrest warrant did not knock and announce before breaching the door and arresting Defendant. Upon entry, according to testimony by the officers, marijuana and a firearm were found in plain view in the room where Defendant was arrested. One of the officers applied for an obtained a search warrant to search the house based on the discovery of the contraband.

Through briefing and during the hearing, Defendant has asserted multiple reasons why the evidence discovered upon entry and upon execution of the search warrant should be suppressed, including because of the knock-and-announce violation. The Supreme Court has held that the exclusionary rule is inapplicable and suppression an inappropriate remedy for knock-and-announce violations. *See Hudson v. Michigan*, 547 U.S. 586 (2006). But *Hudson*

involved a knock-and-announce violation during the execution of a *search* warrant. This case involves a violation during the execution of an *arrest* warrant. The D.C. Circuit has concluded that the Supreme Court's reasoning in *Hudson* dictates in a different conclusion in the arrest-warrant context and held that suppression *can* be an appropriate remedy for knock-and announce violations during the execution of an arrest warrant. *United States v. Weaver*, 808 F.3d 26 (D.C. Cir. 2015). At least one other Court of Appeals has reached the opposite conclusion, albeit with minimal analysis. *See United States v. Pelletier*, 469 F.3d 194 (1st Cir. 2006). The Fifth Circuit has quoted with approval *Pelletier's* statement that "*Hudson* applies with equal force in the context of an arrest warrant," but did so in a case that involved the execution of a search warrant and that was addressing a different legal issue, whether *Hudson's* holding applies to statutory as well constitutional knock-and-announce violations (it does). *United States v. Bruno*, 487 F.3d 304 (5th Cir. 2007). Importantly, the Fifth Circuit has not explicitly addressed the issue before the courts in *Weaver* and *Pelletier*, whether the exclusionary rule applies when the knock-and-announce violations occur during the execution of an arrest warrant. Thus, the Court now invites the parties to address this issue and in doing so, to specifically address *Hudson*, *Bruno*, *Pelletier*, and *Weaver*, as well as any other relevant cases. The parties may also address any other matters that they believe require additional briefing in light of the hearing testimony but are required to address the foregoing. Thus,

**IT IS THEREFORE ORDERED** that the parties file their supplemental briefing in accordance with the following schedule:

- Defendant's supplemental briefing is due **on or before Monday, April 18, 2022**.
- The Government's responsive briefing is due **on or before Monday, April 25, 2022**.

- Defendant's reply is due **on or before Monday, May 2, 2022**.

SIGNED this 23rd day of March, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

3